**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00228- STV

MOHAMMED AL GHAREOB,

    Plaintiff,

v.

UNIVERSITY OF NORTHERN COLORADO,

    Defendant.

_____

**ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court *sua sponte* upon the Court's review of Plaintiff's Complaint. [#1]  Although Plaintiff, proceeding pro se, utilized the Court's approved general civil complaint form, Plaintiff failed to complete Section C ("Jurisdiction"), Section D ("Statement of Claim(s)"),[1] or Section E ("Request for Relief").  [#1 at 3-6]

    In conducting its review of the Complaint, the Court is mindful that Plaintiff is proceeding without the assistance of an attorney.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant."  *Id.* at 1110 n.3.  The Court, however, cannot be a pro se litigant's advocate.

---

[1] The court notes that Plaintiff did attach a letter addressed to the Court, which provides some information regarding the factual basis for Plaintiff's lawsuit.  The letter, however, fails to identify what specific legal claims Plaintiff intends to bring and does not comply with the directions set forth in the form complaint for Section D.

*See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

> Pursuant to Federal Rule of Civil Procedure 8(a):
>
> A pleading that states a claim for relief must contain:
> - (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> - (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> - (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Here, Plaintiff's Complaint fails to comply with any of these requirements. Particularly problematic, because Plaintiff failed to complete Section C ("Jurisdiction") and failed to identify the specific legal claims being asserted in Section D ("Statement of Claim(s)"), the Court is unable to determine whether it has subject matter jurisdiction over Plaintiff's claims.

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999). As the party invoking this Court's jurisdiction, Plaintiff bears the burden of establishing that the requirements for

jurisdiction have been met.  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

For the foregoing reasons, Plaintiff's Complaint is insufficient to establish whether this Court has subject matter jurisdiction and the Complaint also fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Accordingly, **Plaintiff is ORDERED to file an amended complaint on or before March 1, 2019**, that establishes this Court's subject matter jurisdiction and complies with the Federal Rules of Civil Procedure.

**Plaintiff is cautioned that failure to timely file an amended complaint in compliance with this Order may result in this lawsuit being dismissed for lack of subject matter jurisdiction and/or failure to comply with Federal Rule of Civil Procedure 8**.

The Court further advises Plaintiff that he may qualify for assistance from the Colorado Bar Association Federal Pro Se Clinic, information available at http://www.cobar.org/cofederalproseclinic or by calling 303.380.8786.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.


DATED:  January 28, 2019					BY THE COURT:

							s/Scott T. Varholak
							United States Magistrate Judge